Conover *v.* Sealy.

---

## WILLIAM H. CONOVER, JR.,

*v.*

## THOMAS SEALY et al.

The assignee of a mortgage on the undivided four-fifths of a house and lot in the city of Newark, made defendants to its foreclosure the owner of the equity of redemption of said four-fifths, a judgment creditor of said owner, and the holder of a second mortgage on said four-fifths, who was also the owner of the remaining one-fifth interest in the premises.—*Held*, (1) that a

Conover v. Sealy.

prayer for partition of the premises, in the ordinary form, did not render the bill multifarious; (2) that a claim for moneys due to the holder of the second mortgage from the assignor of complainant's mortgage, without an averment of an agreement to that effect, could not be set-off.

Motion to strike out portions of answer under Rule 224.

*Mr. C. H. Ivins*, for the motion.

*Mr. R. Allen, Jr., contra.*

PITNEY, V. C.

The bill is in the ordinary form for foreclosure by an assignee of the first mortgage given by the owner of four undivided fifth parts of a house and lot in the city of Newark. It also sets out a second mortgage given by the same owner to William W. Conover, the answering defendant, and that subsequently the said William W. Conover acquired title by purchase of the other undivided one-fifth part of the mortgaged premises.

Beside the usual prayer for foreclosure, the bill contains a prayer for partition in the following words:

"And that a fair partition and division of the said lands may be made, if the same be practicable and consistent with the rights of all the parties interested therein, among the several parties according to their rights and interests,

NOTE.—When a mortgagee of an undivided interest in lands may have a partition thereof, see *Waite* v. *Bingley, L. R. (21 Ch. Div.) 674; Davenport* v. *King, 49 L. T. (N. S.) 92; Bienvenu* v. *Factors Ins. Co., 33 La. Ann. 213; Colton* v. *Smith, 11 Pick. 311; Green* v. *Arnold, 11 R. I. 364; Munroe* v. *Walbridge, 2 Aik. 410;* in conjunction with a foreclosure, *Conyers* v. *Mericles, 75 Ind. 443; Hammond* v. *Perry, 38 Iowa 217;* see *Thompson* v. *Frew, 107 Ill. 478; Bradley* v. *Fuller, 23 Pick. 1; Reid* v. *Gardner, 65 N. Y. 578; Stewart* v. *Allegheny Bank, 101 Pa. St. 342; Wright* v. *Strother, 76 Va. 857; Rider* v. *Clark, 54 Iowa 292; Waring* v. *Wadsworth, 80 N. C. 345;* or with a suit for rent, *Shearer* v. *Winston, 33 Miss. 149;* see *Cowden* v. *Cairns, 28 Mo. 471.*

But in some States, upon foreclosing a mortgage on such undivided interest, a partition cannot be decreed among the several owners and claimants, *Buckmaster* v. *Kelley, 15 Fla. 180; Matthews* v. *Lindsay, 20 Fla. 962; Payne* v *Avery, 21 Mich. 524;* see *Ewer* v. *Hobbs, 5 Metc. 1; Norcross* v. *Norcross, 105 Mass. 265.*

Conover v. Sealy.

and that the share and interest therein covered by your orator's said mortgage may be sold to pay unto your orator the money so due and owing to him as aforesaid; in case such partition in fact should be found to be impracticable, or if it should appear that the same cannot be made without great prejudice to the owners thereof, then that the same may be sold and the proceeds thereof, after paying the costs and charges of this suit, divided among your orator and the several parties interested therein according to their respective rights and interests."

This bill William W. Conover has answered, denying many of its allegations, and setting up, among others, three several matters of defence, which are the subject of the present contest. The first matter which complainant claims is obnoxious is in these words:

"And this defendant, in further answering, submits and insists that the said complainant is not entitled, in and by proceedings of foreclosure in his bill of complaint, to ask the aid of this court, for the partition of said real estate, or for a sale thereof, as in the case of proceedings for the partition of lands and real estate held by coparceners, joint tenants and tenants in common."

This is not an allegation of fact, but in the nature of a demurrer. The object of the motion to strike it out is to raise the question, at this stage of the cause, whether the uniting in this bill of a prayer for partition with a prayer for foreclosure creates such a misjoinder of causes as to induce the court to proceed no further with it in its present shape as against this answering defendant.

Partition of partnership lands is not an incident of a suit for an accounting between the partners, *Godfrey* v. *White*, *43 Mich. 171;* see *Holmes* v. *McGee*, *27 Mo. 597.*

If one tenant in common has mortgaged the entire estate, and such mortgage has been foreclosed, a sale thereunder may be enjoined until after partition, especially if the mortgagor be insolvent, *Hines* v. *Munnerlyn, 57 Ga. 32.*

If he has mortgaged his interest to another tenant in common, the mortgagor cannot enforce a partition or sale of the property against the will of the mortgagee, except on the terms of paying off his mortgage, *Gibbs* v. *Haydon, 47 L. T. (N. S.) 184; Blodgett* v. *Hildreth, 8 Allen 186;* see *Hatch* v. *Kimball, 14 Me. 9; Cornell* v. *Prescott, 2 Barb. 16; Eberts* v. *Fisher, 44 Mich. 551; Watson* v. *Priest, 9 Mo. App. 263; Green* v. *Arnold, 11 R. I. 364.*

As to the effect of one tenant in common executing a mortgage on his interest pending a suit for partition of the premises, see *United N. J. R. R. Co.* v. *Long Dock Co., 15 Stew. Eq. 547.*—REP.

It will be perceived that the bill is not multifarious in the proper sense of the word, since there is not in it a single issuable allegation in which the answering defendant is not interested, either as mortgagee of the second mortgage upon the undivided share covered by complainant's mortgage or as owner of the one-fifth interest not covered thereby. There is no mixing up of transactions and causes of action in which he is not concerned or interested. *Story Eq. Pl.* § *530; Campbell* v. *Mackay, 1 Myl. & C. 603, 618.*

The precise vice, if any, of pleading in this bill, is misjoinder of causes of action. *Emans* v. *Emans, 1 McCart. 114, 118.*

An examination of the cases will show that the courts have been much more tolerant of that sort of transgression than of multifariousness proper, and many bills open to the charge of joinder of several causes of action have been sustained. In such cases there is no inflexible rule, but the question is one of expediency and convenience, depending upon the sound discretion of the court applied to the particular circumstances of each case. *Story Eq. Pl. 539; Lehigh Valley R. R. Co.* v. *McFarlan, 4 Stew. Eq. 730, 758, Depue, J.*

Applying this principle to the case in hand, it seems to me the objection of misjoinder should not prevail.

Sealy and wife, the owners of the equity of redemption in the four-fifths, and William W. Conover, the owner of the equity in the one-fifth, and also holder of the second mortgage on the four-fifths, and Hedden, the judgment creditor of Sealy, are each interested in both branches of complainant's case, namely, the establishment of his mortgage and the ascertainment of the amount due on it, and the partition proceedings. The description of the property found in the bill shows that it cannot be divided, but must be sold. If complainant fails to establish his mortgage, he fails altogether, and the case is ended. If he succeeds in that part of the case, a decree of sale of the four-fifths share would follow of course, if there were no prayer for partition. There is here no dispute as to the shares in which the property is held. The allegations of the bill in that behalf are not denied by the answer, and as, upon partition, there must be

a sale, it will be convenient and advantageous and a great saving of expense to all parties that there should be but one sale.

*Durling* v. *Hammar, 5 C. E. Gr. 220*, is very much in point. There, Chancellor Zabriskie upheld as not multifarious a bill filed by a person out of possession, who claimed and sought to have established an equitable title to an undivided one-half part of a farm, and in the same bill prayed for a partition of it.

It will be observed that the particular form which the objection takes in the answer here does not, necessarily, raise the question whether a mortgagee of an undivided portion of land has such an interest in the land, after default in payment, as will sustain a pure bill for partition, nor is that question involved in this case. Here the complainant asks to establish and enforce his mortgage at the same time that he prays for a partition, and it seems to me that, on the principle of *Durling* v. *Hammar*, he may do so.

A bill of this kind was entertained by Lord Romilly, as master of the rolls, in *Fall* v. *Elkins, 9 W. R. 861*, and by Chief-Justice Shaw, in *Rich* v. *Lord, 18 Pick. 322*. In such cases the right of possession of the mortgagor is the right of possession of the mortgagee, and the latter, after default in his mortgage, is entitled to possession. This branch of the motion must prevail.

The next matter which complainant moves to strike out is an allegation that Joseph Conover, Jr., deceased, who, in his lifetime, was the assignee of complainant's mortgage, and through whom complainant claims title thereto, became indebted to the answering defendant in several large sums of money which

"Are yet due to said William W. Conover, this defendant, and this defendant prays the aid of the court that he, this defendant, be allowed and protected for the re-imbursement or repayment of said moneys to this defendant."

There is no allegation of any agreement between the parties that the sums so declared to be due were to be applied towards paying the complainant's mortgage. In the absence of such agreement there can be no set-off. *Dudley* v. *Bergen, 8 C. E. Gr. 397*, and cases there cited.

Defendant alleges that the provision in complainant's mortgage for the payment of taxes over and above lawful interest is usurious, as being contrary to the provisions of the act of March 27th, 1874, and the supplements thereto. As the mortgage is dated in 1871, the contract contained in it cannot very well be in violation of a statute passed in 1874.

The motion must prevail, with costs.